UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF DENNIS PINES CONDOMINIUM TRUST OF DENNIS,<br><br>    Plaintiff,<br><br>v.<br><br>EDWARD T. PATTEN, DARLENE K. PATTEN, CITIZENS BANK, N.A., f/k/a RBS Citizens N.A., and UNITED STATES OF AMERICA,<br><br>    Defendants.<br><br>UNITED STATES OF AMERICA,<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>TRUSTEES OF DENNIS PINES CONDOMINIUM TRUST OF DENNIS, EDWARD T. PATTEN, DARLENE K. PATTEN, CITIZENS BANK, N.A., f/k/a RBS Citizens N.A., and TOWN OF DENNIS, MASSACHUSETTS,<br><br>    Counterclaim Defendants. | No. 24-CV-10808-AK |

**MEMORANDUM AND ORDER ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PARTIAL MOTION FOR SUMMARY JUDGMENT**

**ANGEL KELLEY, D.J.**

    The Court referred dispositive and other pretrial matters to Chief Magistrate Judge Donald L. Cabell ("CMJ Cabell") for case management and a report and recommendation. [Dkt. 83]. The Court has reviewed CMJ Cabell's Report and Recommendation dated September 15, 2025 [Dkt. 109] (the "R&R") and the objections filed by Edward and Darlene Patten ("the

1

Pattens") thereto [Dkt. 116].  For the reasons set forth below and upon careful consideration of the portions of the R&R to which the Pattens object, the Court **ADOPTS** the R&R in full, **OVERRULES** the Pattens' objections, and **GRANTS** the United States of America's Motion for Partial Summary Judgment to enforce its federal tax liens [Dkt. 54].

I.    BACKGROUND

Mr. Patten purchased Unit 6D, 1146 Route 134, Dennis, Massachusetts (the "Property") in 2012, obtained a home equity line of credit from Citizens Bank, N.A. ("Citizens Bank") secured by a mortgage on the unit, and in 2014 conveyed the Property to himself and Mrs. Patten as tenants by the entirety.  [Dkt. 2].  Between 2012 and 2017, the Internal Revenue Service ("IRS") assessed federal income tax liabilities against the Pattens: Mr. Patten was assessed individually for 2012 and 2013, and the Pattens were assessed jointly for 2014–2017.  The IRS provided notice of those assessments, which remain unpaid.  [Dkt. 4].

This litigation began as an in rem lien enforcement action in Barnstable County Superior Court, in which the Trustees of Dennis Pines Condominium Trust of Dennis (the "Trustees") sought recovery of unpaid condominium fees from the Pattens and identified Citizens Bank and the United States of America (the "Government") as parties in interest.  [Dkts. 2, 14].  The Pattens counterclaimed against the Trustees for emotional distress.  [Dkt. 2, 14].  The Government removed the action to federal court and filed a counterclaim to enforce federal tax liens, joining the Town of Dennis under 26 U.S.C. § 7403(b).  [Dkts. 1, 4].  The Pattens answered the Government's counterclaim on April 15, 2024.  [Dkt. 12].  The Pattens' counterclaim against the Trustees was remanded to state court and is pending. [Dkts. 44, 60].

In June 2024, Citizens Bank paid the outstanding condo fees and certain property taxes, after which the Trustees moved to dismiss their remaining claim for attorneys' fees under

Federal Rule of Civil Procedure 41(a)(2). [Dkt. 71]. The Pattens disputed that any lender had paid the condo fees but did not oppose dismissal of the Trustees' remaining claim for attorneys' fees. [Dkt. 72]. The Government lodged a limited objection insofar as it sought to preserve notice for potential lienholders, but did not oppose dismissal of the Trustees' claim for fees. [Dkt. 75]. Following a motion hearing before CMJ Cabell and subsequent negotiations, the Trustees, Citizens Bank, and the Government executed a stipulation in which the Trustees disclaimed any present lien or interest while preserving a right to enforce future condo liens for subsequent defaults. Under that stipulation the Government withdrew its objection, and the Court granted the Trustees' motion and dismissed the Trustees from the case. [Dkts. 96, 112].

CMJ Cabell convened a motion hearing on May 13, 2025, at which he addressed several pending matters: the Government's Motion for Entry of Default Against the Town of Dennis [Dkt. 38], the Government's Motion for Partial Summary Judgment [Dkt. 54] pertaining to federal tax liabilities, the Pattens' Motion for Leave to File a Surreply [Dkt. 69], the Trustees' Motion to Dismiss under Rule 41(a)(2) [Dkt. 71], the Government's Joint Motion regarding the Town of Dennis's participation [Dkt. 76], Mr. Patten's Motion to Withdraw as Attorney[1] [Dkt. 78], the Pattens' Motion to Compel [Dkt. 80], and the Trustees' Motion for Protective Order [Dkt. 73]. At the motion hearing, CMJ Cabell accepted the parties' agreement to withdraw the Government's Motion for Entry of Default [Dkt. 38], granted the Trustees' Motion for Protective Order [Dkt. 73], granted the Joint Motion regarding the Town's participation [Dkt. 76], treated Mr. Patten's Motion to Withdraw as Attorney as a notice that the Pattens would proceed *pro se* and terminated that motion [Dkt. 78], and denied the Pattens' Motion to Compel [Dkt. 80].

After the hearing and the parties' stipulation resolving the Trustees' outstanding interest,

---

[1] Mr. Patten is a retired attorney who was initially admitted to the Massachusetts Bar on December 18, 1985, and whose BBO license (#546386) is in retirement as of April 2025.

3

the only dispositive matter remaining for CMJ Cabell's consideration was the Government's Motion for Partial Summary Judgment seeking to enforce its federal tax liens. [Dkt. 54] (the "Government's Motion"). Citizens Bank filed a memorandum in support [Dkt. 65], the Pattens opposed [Dkt. 67], and the Government replied and supplemented with responses to the Pattens' statements of fact [Dkt. 68]. While the Government's Motion remained under advisement, the Pattens filed a separate, belated motion for full summary judgment against all other parties [Dkt. 101] (the "Pattens' Motion"), which the Government, the Trustees, and Citizens Bank opposed [Dkts. 106, 107, 108]. On September 15, 2025, CMJ Cabell issued the R&R recommending that the Government's Motion be granted. [Dkt. 109]. The Pattens filed timely objections to the R&R on September 29, 2025. [Dkt. 116]. The Court considers and resolves those objections in light of the record and applicable law.

## II. LEGAL STANDARDS

### A. Review of a Magistrate Judge's Disposition

When a magistrate judge issues a report and recommendation on a dispositive matter and a party timely objects, "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Absent timely, specific objections, a district court may assume the parties accept the magistrate judge's recommendation. Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985). A party's written objections must be specific, concise, and supported by legal argument and citations to the record; broad, unsupported objections will not suffice and may foreclose de novo review. See Crooker v. Van Higgins, 682 F. Supp. 1274, 1281-82 (D. Mass. 1988).

Failure to raise objections to the R&R waives the right to district court review and precludes appellate review of those claims. See Davet v. Maccarone, 973 F.2d 22, 31 (1st Cir.

4

1992); Crooker, 682 F. Supp. at 1281 ("[D]istrict court judges on a de novo review of a magistrate's report and recommendation may entirely ignore arguments not presented to the magistrate."). Parties must present their full case to the magistrate, "not only their best shot but all of their shots." Stauffer v. Internal Revenue Serv., 285 F. Supp. 3d 474, 478 (D. Mass. 2017) (quoting Borden v. Sec'y of Health & Hum. Servs., 836 F.2d 4, 6 (1st Cir. 1987)). After conducting its review, the district court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

### B. Summary Judgment

Summary judgment is intended to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). Summary judgment is appropriate where the record shows no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The court asks three questions: (1) whether a factual dispute exists; (2) whether the dispute is genuine so that a reasonable factfinder could return a verdict for the nonmoving party; and (3) whether the disputed fact is material so that it might affect the outcome under the governing law. See Scott v. Sulzer Carbomedics, Inc., 141 F. Supp. 2d 154, 170 (D. Mass. 2001); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

The movant must identify the portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The movant may meet this burden either by offering evidence that negates an essential element of the nonmovant's case or by showing an absence of evidence to support the nonmovant's case. See

id. at 323-25; Rakes v. United States, 352 F. Supp. 2d 47, 52 (D. Mass. 2005).  Once the movant meets its burden, the nonmovant must present specific, admissible evidence that raises a genuine issue for trial; conclusory allegations, speculation, or improbable inferences are insufficient.  See Mendes v. Medtronic, Inc., 18 F.3d 13, 15 (1st Cir. 1994); Rockwood v. SKF USA Inc., 687 F.3d 1, 9 (1st Cir. 2012).  If the nonmovant fails to make a sufficient showing on an essential element of its case, that failure renders other facts immaterial and the movant is entitled to judgment as a matter of law.  Celotex, 477 U.S. at 323.

### III. OBJECTIONS TO FACTUAL FINDINGS[2]

The Pattens' objections are not presented in a structured or enumerated manner.  The Court has undertaken to liberally identify the objections that can reasonably be discerned and addresses each in turn.

Before addressing the R&R's legal conclusions, the Pattens object that the R&R omits key facts and makes improper factual findings.  The Court has reviewed each factual objection and finds that the Pattens' contentions either: (1) mischaracterize the record; (2) rest on evidence that was not properly before CMJ Cabell; or (3) are immaterial to the narrow question presented by the Government's Motion.

#### A. The R&R's Scope and Alleged Proof of Payment to the Trustees

The Pattens primarily contend that the R&R insufficiently discusses the Trustees' underlying condominium fee claim and that the Trustees never proved the alleged $4,214 delinquency. [Dkt. 116 at 2, 6].  This misapprehends the issue at stake in the R&R.  The R&R properly addresses the Government's Motion to enforce federal tax liens through its counterclaim, which was the operative dispositive matter referred to the Magistrate Judge.  Any

---

[2] The Court assumes familiarity with the relevant procedural and factual background of this case, as it is detailed in the R&R.  [Dkt. 109].

deficiency in the Trustees' state court pleading does not defeat the Government's independent statutory right to enforce federal tax liens once the Government establishes assessment, notice, and nonpayment. See 26 U.S.C. §§ 6321–6323, 7403; United States v. Fior D'Italia, Inc., 536 U.S. 238, 242 (2002). Accordingly, this objection is **OVERRULED**.

Relatedly, the Pattens assert they proved thirty-six months of uninterrupted, timely payments to the Trustees and that such proof negates any obligations to the Trustees and should have precluded these proceedings. [Dkt. 116 at 2-3, 8]. Evidence of payments to the Trustees does not determine whether federal tax liens arose from IRS assessments and attached to the Property, because that was not the subject of the Government's Motion. See Geiselman v. United States, 961 F.2d 1, 6 (1st Cir. 1992); United States v. Berk, 374 B.R. 385, 391 (D. Mass. 2007). To the extent the Pattens rely on materials filed after the Government's dispositive motion was fully briefed, they have not shown those materials were properly before the CMJ Cabell for purposes of deciding the Government's Motion. This objection is **OVERRULED**.

### B. Alleged "Confession" by the Trustees' Agent

The Pattens cite an email from the Trustees' agent as a dispositive admission that only the Pattens paid assessments for thirteen years. [Dkt. 116 at 3]. That email, which the Pattens rely on through their later summary judgment filing, was not part of the record relied on by the Magistrate Judge in adjudicating the Government's Motion and therefore is not a basis to disturb the R&R. Even if admissible, the email concerns the Trustees' assessment and collection history and does not directly rebut the IRS's independent assessments reflected in Forms 4340. Forms 4340 are entitled to a presumption of correctness and may be displaced only by specific, admissible evidence showing the assessment lacks a rational foundation. See Fior D'Italia, 536 U.S. at 242; Geiselman, 961 F.2d at 6. This objection is **OVERRULED**.

### C. Arithmetic and Table Discrepancies in the Government's Totals

The Pattens argue that the component figures in the Government's filings total $61,658 rather than $63,214.15, and that this alleged $1,556.15 discrepancy creates a genuine issue of material fact. [Dkt. 116 at 3-6]. Minor arithmetic inconsistencies in illustrative tables do not defeat the Government's prima facie showing when the operative IRS records, the Forms 4340, indicate the assessments, notices, and balances due. The taxpayer bears the burden of producing specific admissible evidence that the assessment is erroneous or without rational foundation. See Celotex Corp. v. Catrett, 477 U.S. 317, 323–25 (1986); Fior D'Italia, 536 U.S. at 242. The Pattens have not met that burden. This objection is **OVERRULED**.

### D. Alleged Failure to Produce IRS Notice Correspondence in Discovery

The Pattens contend the Government did not produce letters or notices proving notice was sent to them. [Dkt. 116 at 4]. Forms 4340 in the record serve as Certificates of Assessments and Payments and are routinely accepted as presumptive proof that assessments and related notices were made and filed. See Geiselman, 961 F.2d at 6; United States v. Jimenez, 513 F.3d 62, 79 n.4 (3d Cir. 2008). Absent admissible evidence to the contrary, CMJ Cabell correctly credited the Forms 4340. The Pattens could have sought to compel any allegedly missing correspondence and could have offered admissible evidence that the Forms 4340 were inaccurate; they did not do so in a manner sufficient to create a triable issue. This objection is **OVERRULED**.

### E. Alleged Omissions Regarding the May 13, 2025 Motion Hearing Before CMJ Cabell and Related Procedural Events

The Pattens assert that the R&R omits material events at the May 13 hearing, namely Mr. Patten's health episode, retirement of his bar license, and alleged discourteous conduct by the Magistrate Judge, and that these omissions prejudiced review. [Dkt. 116 at 7-8]. The R&R's

factual recitation appropriately focused on matters material to resolving the Government's Motion. Background descriptions of courtroom demeanor or nonconsequential medical events are not material to the legal determination whether valid tax liens arose and should be enforced. To the extent the Pattens assert prejudice from the hearing conduct, they have not identified discrete rulings or withheld discovery that, if corrected, would have altered the disposition of the Government's Motion. This objection is **OVERRULED**.

### F. Other Asserted Material Facts Claimed To Be Overlooked

The Pattens identify additional items alleged to have been overlooked, including garnishment practice, COVID-era relief, and the chronology of their marriage. [See generally Dkt. 116]. The Court has reviewed the record and finds these arguments either immaterial to the Government's Motion or unsupported by admissible evidence sufficient to rebut the Forms 4340. Where a factual dispute would affect the validity or attribution of an IRS assessment, the party asserting the error must supply admissible evidence showing the assessment lacks a rational foundation; the Pattens did not do so. These objections are **OVERRULED**.

## IV. OBJECTIONS TO LEGAL CONCLUSIONS

The Pattens raise several legal objections to the R&R. The Court addresses each group of related objections in turn. The Court applies de novo review to the specific objections the Pattens timely raised and otherwise adopts the Magistrate Judge's legal analysis.

### A. The R&R's Subject and Scope

The Pattens contend the R&R improperly framed the dispute. [Dkt. 116 at 5-6, 8]. The R&R appropriately confined its analysis to the Government's Motion, as argued before the CMJ Cabell and taken under advisement. Questions concerning other collateral matters does not defeat the Government's independent statutory right to enforce federal tax liens once it

9

establishes assessment, notice, and nonpayment.  See 26 U.S.C. §§ 6321–6323, 7403; United States v. Rodgers, 461 U.S. 677, 681 (1983).  This objection is **OVERRULED**.

### B. Presumption of Correctness of IRS Forms 4340 and Burden of Proof

The Pattens argue the R&R erred by crediting IRS Forms 4340 without separate corroborating correspondence and by shifting the burden improperly to them.  [Dkt. 116 at 4-6]. RS Forms 4340 are routinely accepted as competent, presumptive proof that assessments and notices were made and filed.  See Fior D'Italia, Inc., 536 U.S. at 242; Geiselman, 961 F.2d at 6.  The taxpayer bears the burden of producing specific, admissible evidence demonstrating that an assessment lacks a rational foundation.  See United States v. Berk, 374 B.R. 385, 391 (D. Mass. 2007).  The R&R correctly applied that framework and properly concluded that the Pattens did not rebut the Government's evidence.  This objection is **OVERRULED**.

### C. Procedural Objections: Recycled Motions, Untimely Evidence, and Rule 41 Implications

The Pattens assert procedural error based on the Government's refiling of summary judgment materials, the Magistrate Judge's alleged failure to consider later-filed evidence, and the Trustees' voluntary dismissal under Federal Rule of Civil Procedure 41(a)(2).  [See generally Dkt. 116].  CMJ Cabell considered the operative filings and the record properly before him, including the Government's Motion, the Pattens' opposition, and the exhibits timely submitted in connection with that briefing.  At no time did the Pattens request to reopen or supplement the summary judgment record.  Repetition of filings does not create a triable issue where the substantive IRS documentation remains presumptively correct and unrefuted by admissible evidence.  See Celotex, 477 U.S. at 323-25; Fior D'Italia, 536 U.S. at 242.  Moreover, The Trustees' voluntary dismissal under Rule 41(a)(2) was procedurally proper and does not extinguish the Government's independent counterclaim under § 7403.  See Fed. R. Civ. P. 41;

Rodgers, 461 U.S. at 681.  These objections are **OVERRULED**.

### D. Miscellaneous Legal Objections (Scrivener's Errors, COVID Relief, Garnishments)

The Pattens raise assorted legal challenges (alleged clerical errors in government exhibits, entitlement to COVID-era relief, and alleged improper garnishments) that they contend undermine the R&R's conclusions.  [Dkt. 116 at 3-6].  The Pattens have not identified admissible evidence showing that any clerical error, application (or lack thereof) of COVID relief, or garnishment practice negates the assessments reflected in the Forms 4340.  General assertions, speculation, or unsubstantiated claims do not overcome the presumption of correctness attached to IRS records.  See Celotex, 477 U.S. at 323-25; Rockwood v. SKF USA Inc., 687 F.3d 1, 9 (1st Cir. 2012).  These objections are **OVERRULED**.

### V. CONCLUSION AND ORDER

For the foregoing reasons, the Court **ADOPTS** Chief Magistrate Judge Cabell's Report and Recommendation [Dkt. 109] in its entirety.  The Pattens' objections to the R&R [Dkt. 116] are **OVERRULED**.  It is hereby **ORDERED** that:

1. The federal tax liens arising from assessments made against Edward T. Patten and Darlene K. Patten for the tax years 2012 through 2017 are valid and enforceable under 26 U.S.C. §§ 6321, 6322, and 7403.

2. The Property may be sold pursuant to 26 U.S.C. § 7403(c), and the proceeds shall be distributed in accordance with the stipulations entered by the parties and the findings of the Court.

**SO ORDERED.**

Dated: October 3, 2025                                                   /s/ Angel Kelley
                                                                          Hon. Angel Kelley
                                                                          United States District Judge