UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TRUSTEES OF DENNIS PINES CONDOMINIUM TRUST OF DENNIS,<br><br>      Plaintiff,<br><br>v.<br><br>EDWARD T. PATTEN, DARLENE K. PATTEN, CITIZENS BANK, N.A., f/k/a RBS Citizens N.A., and UNITED STATES OF AMERICA,<br><br>      Defendants.<br><br>UNITED STATES OF AMERICA,<br><br>      Counterclaim Plaintiff,<br><br>v.<br><br>TRUSTEES OF DENNIS PINES CONDOMINIUM TRUST OF DENNIS, EDWARD T. PATTEN, DARLENE K. PATTEN, CITIZENS BANK, N.A., f/k/a RBS Citizens N.A., and TOWN OF DENNIS, MASSACHUSETTS,<br><br>      Counterclaim Defendants. | No. 24-CV-10808-AK |

**MEMORANDUM AND ORDER ON COUNTERCLAIM PLAINTIFF'S
<u>MOTION TO REINSTATE CASE AND FOR ENTRY OF FINAL JUDGMENT</u>**

**ANGEL KELLEY, D.J.**

Before the Court is the United States' Motion to Reinstate Case and for Entry of Final Judgment [Dkt. 121], an accompanying Motion for Leave to file a Reply Brief in Support of the Motion to Reinstate [Dkt. 124], and Edward T. Patten and Darlene K. Patten's ("the Pattens") Motion to Stay Order Dismissing Case [Dkt. 122]. For the reasons set forth below, the Court

1

**GRANTS** the Motion to Reinstate Case and for Entry of Final Judgment, **DENIES AS MOOT** the Motion for Leave to File Reply Brief, and **DENIES** the Motion to Stay Order Dismissing Case.

## I. BACKGROUND

The United States removed this case, originally filed by the Trustees of Dennis Pines Condominium Trust of Dennis as a condominium lien foreclosure action in the Barnstable County Superior Court, to this Court, and filed a Counterclaim seeking to enforce federal tax liens against real property owned by the Pattens in Dennis, Massachusetts. [Dkts. 1, 4]. On October 3, 2025, the Court adopted the Magistrate Judge's Report and Recommendation ("R&R") [Dkt. 109] and entered an Order granting the United States' Motion for Partial Summary Judgment. [Dkt. 117]. The Court ordered (1) that the United States' tax liens for the Pattens' liabilities are valid and enforceable, and (2) that the real property can be sold and the proceeds distributed as set forth in the Parties' stipulation and the Court's findings. [Id.]. This was the "sole remaining claim in this action" after the original Plaintiff voluntarily dismissed its claim. [Dkt. 115].

On October 6, 2025, the Court issued an Order denying the Pattens' Cross-Motion for Summary Judgment, noting that the United States had "already proved . . . that the Pattens' federal tax liabilities were unpaid and the Pattens have not carried their substantive burden to rebut the Government's admissible evidence supporting the tax lien counterclaim." [Dkt. 119]. The Order directed the Clerk of the Court to "terminate the case consistent with this Order" [Id.], which the Clerk proceeded to do the same day [Dkt. 120]. At that time, the Court had not entered final judgment in favor of the United States after granting the Motion for Partial Summary Judgment.

On October 9, 2025, the United States filed a Motion to Reinstate Case and for Entry of Final Judgment. [Dkt. 121]. The Pattens filed an Opposition and Motion to Stay the Order Dismissing the Case. [Dkt. 122]. The United States filed a Reply [Dkt. 123], as well as a simultaneous Motion for Leave to File a Reply [Dkt. 124]. The Pattens filed a "Response" (essentially, a sur-reply) on October 20, 2025. [Dkt. 125]. The Pattens also simultaneously filed an Opposition to the Motion for Leave to File a Reply. [Dkt. 126].

## II.    DISCUSSION

### A. Motion to Reinstate Case and for Entry of Final Judgment

The Court construes the United States' Motion to Reinstate as one brought under Rule 60(a), which allows the Court to "correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Rule 60(a) is applicable "where . . . 'the judgment failed to reflect the court's intention.'" Bowen Inv., Inc. v. Carneiro Donuts, Inc., 490 F.3d 27, 29 (1st Cir. 2007) (quoting Morgan Guar. Tr. Co. of N.Y. v. Third Nat'l Bank of Hampden Cnty., 545 F.2d 758, 759-60 (1st Cir. 1976)). "The relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties . . . or is instead a clerical, or a copying or computational mistake, which is correctable under the Rule." Id.

Here, the United States contends that the Court's October 6, 2025, Order incorrectly directed the Clerk of the Court to terminate this case. [See Dkt. 119]. The Court agrees. The Court previously granted the United States' Motion for Partial Summary Judgment, finding that the United States possessed valid tax liens and was entitled to sell the real property at issue. [Dkt. 117]. That Order resolved the merits of the Parties' dispute and determined the United States' entitlement to relief. However, the Court did not complete the ministerial step of entering final

3

judgment in favor of the United States, which would have effectuated the Court's ruling and permitted the United States to enforce its rights. Instead, the Order directed the Clerk to terminate the case. That directive was inconsistent with the Court's adjudication of the merits and its clear intent to grant the United States the relief it sought. The Court therefore finds that the termination of the case was a clerical error. Reopening the case for the limited purpose of entering final judgment does not alter the Parties' substantive rights; it merely effectuates the Court's prior ruling, which already resolved those rights.

The Pattens' Opposition does not alter this conclusion. Much of the filing essentially seeks to relitigate the merits of prior rulings, including the R&R and the Court's Order denying their Cross-Motion for Summary Judgment. [Dkt. 122 ¶¶ 4-34]. The Pattens' only new argument is that counsel for the United States, as a federal employee, was prohibited from filing the Motion to Reinstate during the federal government furlough under the Anti-Deficiency Act. [See id. ¶ 1; Dkt. 125 at 2-3]. None of these arguments by the Pattens are availing, as they address the merits of the Court's underlying decision and the propriety of the United States' filing of the Motion to Reinstate but do not bear on correcting a clerical mistake under Rule 60(a) or whether the Court's termination of the case was in error.

To the extent the Pattens' Opposition can be construed as seeking alteration or amendment of the Court's prior merits ruling under Rule 59(e), the Pattens have not satisfied the standard for succeeding on such a motion. See Fed. R. Civ. P. 59(e). Reconsideration is "an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). To prevail on a motion for reconsideration, "the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law." Mulero-Abreu v. Puerto Rico Police

Dep't, 675 F.3d 88, 94-95 (1st Cir. 2012). Here, the Pattens identify no intervening change in controlling law, new evidence, or clear error warranting such relief.[1]

Accordingly, the United States' Motion is granted. Because this Order resolves the Motion, the United States' Motion for Leave to File a Reply is denied as moot.

### B. Motion for Stay

The Pattens' Opposition states in its caption that it also seeks a stay. However, it is unclear what the Pattens intend by this Motion. The Motion does not specify what deadline it seeks to stay, the legal authority or basis for a stay, or any justification for a stay. Accordingly, to the extent the Pattens move for a stay, that Motion is denied.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the United States' Motion to Reinstate Case and for Entry of Final Judgment, **DENIES AS MOOT** the United States' Motion for Leave to File Reply, and **DENIES** the Pattens' Motion to Stay Order Dismissing Case. The Clerk of the Court is directed to reopen this action and enter final judgment in favor of the United States pursuant to the Court's October 3, 2025, Order [Dkt. 117].

**SO ORDERED.**

Dated: February 26, 2026                                         /s/ Angel Kelley
                                                                 Hon. Angel Kelley
                                                                 United States District Judge

---

[1] Even if the Court were to reach the Pattens' Anti-Deficiency Act argument, the Court questions whether it would have jurisdiction to entertain such a claim. The Pattens arguably have not demonstrated Article III standing, as there is no showing that they suffered a concrete or particularized injury as a result of the federal government's allegedly unauthorized expenditure. See Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992). In addition, the Anti-Deficiency Act does not appear to create a private right of action, and even if it did, sovereign immunity would likely bar such a claim against the United States here. Cf. United States ex rel. Sargent v. Collins, 165 F.4th 102 (1st Cir. 2026).